IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-CR-972 WJ |
| ) | |
| **TRUDY MARTINEZ**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE (DOC. 36)

The United States opposes the defendant's motion to continue the August 22, 2020 sentencing date, and in support states:

PROCEDURAL HISTORY

On or about April 30, 2019 Ms. Martinez shot and killed C.M. in McKinley County New Mexico. Ms. Martinez fled the scene, hid the murder weapon in an effort to obstruct the investigation, and remained on the run for over a week.

Ms. Martinez was arrested on May 9, 2019 by criminal complaint charging her with Murder in violation of 18 U.S.C. §1111 and Use of a Firearm in a crime of violence in violation of 18 U.S.C. §924(c).

On May 10, 2019, Ms. Martinez appeared before the Hon. Steven C. Yarbrough for a preliminary and detention hearing. Ms. Martinez was ordered detained and has remained in the custody of the United States Marshal Service. Currently, she is being held at the Santa Fe County Adult Detention Center

On March 16, 2020, Ms. Martinez entered a plea of guilty to one count of Voluntary Manslaughter in violation of 18 U.S.C. §1153 and one count of Using and Carrying

a Firearm During and in Relation to a Crime of Violence and Possessing a Firearm in Furtherance of such crime; discharging such Firearm in violation of 18 U.S.C. 924(C)(1)(A)(iii).

The original sentencing date in this matter was scheduled for June 22, 2020. [Doc. 33]. On or about April 13, 2020 Ms. Martinez moved to continue the sentencing date to August 24, 2020 in order to have her pre-sentence investigation interview conducted in-person. The justification for an in-person interview was "given the serious nature" of the case. [Doc. 34].

On July 21, 2020 Ms. Martinez filed an Opposed Motion to Continue Sentencing and Motion Deadlines. [Doc. 36].  In her latest motion to continue sentencing Ms. Martinez states, again, that she wishes to continue this matter an additional 90 days in order for an in-person presentence interview to be conducted given "the serious nature of this case." [*Id.*] Ms. Martinez also stated that "because of the current Covid-19 pandemic, no in person visits are allowed at the Santa Fe County Adult Detention Center and that Covid-19 infections are worse not better, making this more difficult." Finally Ms. Martinez contends that, "[s]ince the onset of this worldwide pandemic, in the New Mexico District Court, other litigation has also been postponed and that it is the health impact of the highly contagious Covid-19 has caused this delay" that has caused the delay in this matter.

On July 22, 2020 the undersigned made contact with G.M. the widower of C.M., the victim in this matter. G.M. is vehemently opposed to an additional 90 day continuance.

APPLICABLE LAW

The Crime Victims' Rights Act was "designed to protect victims and guarantee them some involvement in the criminal justice process." *In re Gyamfi*, 362 F. App'x 385, 386 (4th Cir. 2010). The Act provides victims with certain rights, including the right to be reasonably protected from the accused, the right to reasonable, accurate, and timely notice of any public court proceeding involving the crime or of any release of the accused, the right to be reasonably heard at any public proceeding in the district court involving release, and the right to be treated with fairness and with respect for their dignity and privacy. 18 U.S.C. § 3771(a). Importantly the Crime Victims' Rights Act provides victims of federal offenses with the right to proceedings free from unreasonable delay. 18 U.S.C. § 3771 (a)(7).

Both the courts and the Government have responsibilities in this regard; courts are to ensure that crime victims are afforded their rights in any applicable court proceeding, while "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime" are required to "make their best efforts to see that crime victims are notified of, and accorded," the rights provided by the Act. 18 U.S.C. § 3771(b)(1) and (c)(1).

ARGUMENT

To summarize Ms. Martinez seeks an additional 90 day continuance of sentencing in order to facilitate an in-person pre-sentence investigation interview. Ms. Martinez alleges that this is necessary due to (1) the "serious nature" of this case (2) that no in-person visits are allowed at the detention center where she is being held due to COVID-19 concerns (3) and that these health concerns are the reason for delay in this matter as in the case of jury trials.

The United States agrees that this is a serious case. Ms. Martinez is now convicted of senselessly taking the life of C.M. with an AR-15 assault rifle. [Doc. 2] This killing happened in the presence of multiple children including the victim's children. *Id.* When one of C.M.'s children attempted to help her bleeding mother Ms. Martinez pointed the assault rifle at the minor. *Id.* Ms. Martinez fled the scene and hid the murder weapon while C.M. was being loaded into the bed of a truck by relatives. Ms. Martinez remained at large until she was apprehended some time later throwing a brithday party for one of her children in a park in Gallup, New Mexico. This matter is serious because C.M. will never get the opportunity to see her children graduate from high school and college or start families of their own. This matter is serious because C.M.'s children's lives were shattered via the acute trauma of watching their mother bleed to death. This matter is serious because those children will never again be able to seek the comfort or advice of their mother. This matter is serious because G.M. is now left to provide for and raise his children without his life partner.

The undersigned is unaware of, and the defense does not point to, any authority granting Ms. Martinez a fundemental right to an in-person pre-sentence investigation interview. In contrast, these victims in this serious matter *do* have rights. These rights free the victims from unreasonable delay in their access to justice and closure in this matter.

At this time there are no in-person interviews being conducted at the institution where Ms. Martinez is being housed. Due to the incereasing number of COVID-19 infections in prison populations there will not be an opportunity for an in-person interview at any time in the foreseeable future. This is not a reason to continue this matter. Another continuance based on this justification would in effect continue the matter indefinately. Granting the 90 day continuance based on this justification would therefore result in an unreasonable delay. This is

especially the case where Ms. Martinez does not allege that she would be asked different questions by the pre-sentence report investigator via a video conference or a telephone interview or that she would have any less of an opportunity to respond.  Moreover, there is no good explanation for why Ms. Martinez could not submit the answers to the investigators questions in writing. Finally, Ms. Martinez does not allege that her counsel would not be able to meet and interview family members via video conferencing or the telephone.

     While Ms. Martinez tries to convince this Court that the delay in this matter is for the same reasons jury trials in the district have been postponed she fails. A jury trial raises unique health and constitutional concerns due to its unique process.  A sentencing or pre-sentence interview, like many of the arraignments and substantive motion hearings that have been conducted in this district via video conferencing for months, do not raise the same concerns.  The reason this matter continues to be delayed is because Ms. Martinez has insisted on an in-person interview that will not take place.  It is the undersigned's understanding based on a conversation with the presentence report writer that if Ms. Martinez agreed to a pre-sentence interview via video, telephone or submitted the answers in writing this matter would only need to be continued for 30 days.

     The seriousness of this matter is a reason to give the victims expedient justice and closure as their rights require. This matter has already been continued once to accommodate Ms. Martinez's desire for an in-person pre-sentence interview. This in-person interview is not possible. To continue this matter an additional 90 days expecting a different result is unreasonable delay.  Finally, a pre-sentence interview does not raise the same concerns as a jury trial. Unlike a jury trial a pre-sentence interview can just as easily be conducted via video conference, telephone, or written submission. For the above stated reasons the United States

opposes Ms. Martinez's Motion to Continue and requests that this Court continue the matter at most for 30 days to allow probation to conduct the interview.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed on July 23, 2020*
    THOMAS J. ALIBERTI
    Assistant United States Attorneys
    Post Office Box 607
    Albuquerque, New Mexico  87102
    505-224-1495

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
THOMAS J. ALIBERTI
Assistant United States Attorney