# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                No. 1:20-CR-972 WJ

TRUDY MARTINEZ

    Defendant.

## **ORDER GRANTING CONTINUANCE**

        THIS MATTER IS BEFORE THE COURT on Defendant Trudy Martinez's Motion to Continue Sentencing and Motion Deadlines (**Doc. 36**). The Court, having reviewed the briefing and considered the applicable law, finds that good cause exist to grant the continuance. However, the Court feels it is important to explain its reasons for granting the request, given that Defendant is under the (incorrect) impression that she is entitled to an in-person interview with United States Probation.

## BACKGROUND

        Defendant has entered a guilty plea for the charges of voluntary manslaughter and using and carrying a firearm during and in relation to a crime of violence. Defendant asserts that a continuance of her August 24, 2020, sentencing is needed because the "serious nature of this case" calls for an in-person interview to complete her Presentence Report ("PSR"). Currently, due to the COVID-19 pandemic, in-person visits by United States Probation officers are prohibited at the Santa Fe County Adult Detention Center, where Defendant is held. Moreover, the Chief United States Probation Officer and her senior management team are encouraging telephonic and video interviews of defendants for the same reason the Court is conducting most sentencing hearings

using video conferencing technology and that is to reduce the risk of spreading the coronavirus by limiting in person contact. The Government, United States Probation, and the victim's family oppose Defendant's request.

To be clear, Defendant is **not** entitled to an in-person interview with Probation for the purposes of completing her PSR.  In fact, the Court finds her insistence on an in-person interview to be unreasonable, especially when she cites no legal authority which would require an in-person interview, or even that an interview is required at all.  *See United States v. Martinez*, 322 F. App'x 684, 686 (11th Cir. 2009) (explaining, in the context of Fed. R. Crim. P. 32, that "the parties have not cited, and research does not reveal, any case law from the Supreme Court, this Court, or other circuits supporting the proposition that a defendant has an absolute right to be interviewed by a probation officer prior to completion of the [PSR].").  Defendant cannot delay the PSR and thus the sentencing hearing, by insisting Probation must interview her in person.  The Court has no way of determining how long the pandemic and the corresponding ban on in-person visits at the Santa Fe Detention Center will last, or when an in-person interview can be safely conducted in the foreseeable future.  The Court agrees with the Government that there is no good explanation as to why Defendant cannot answer investigators' questions via video or telephonic conference or in writing.  Moreover, probation officers are routinely interviewing either by video conference or telephonic conference in-custody criminal defendants in other criminal cases, so the Court is at a total loss to understand how Defendant is prejudiced if she's interviewed by Probation with her counsel participating utilizing videoconferencing or telephonic equipment.  The Court notes that currently in the District of New Mexico, the vast majority of criminal defendants being sentenced on felony offenses are being sentenced utilizing videoconferencing technology and these defendants PSRs were prepared without in-person interviews of defendants by probation officers.

The Court recognizes that the family of the Victim in this matter is opposed to further continuances, and is not inclined to allow Defendant's unreasonable insistence on an in-person interview to cause further delay and distress to the victim's family. That said, under Fed. R. Crim. P. 32(e)(2), Probation is required to disclose the PSR at least 35 days before sentencing, and under Rule 32(f)(1) a defendant has 14 days to object to the PSR. Because the PSR here is not yet complete, a continuance is warranted in this case, if only to comply with these Rules and avoid the case being remanded for re-sentencing after an appeal. The Court understands and appreciates the strong desire of the family of the Victim to proceed with the sentencing, but the Court believes it's in the interest of all concerned that this case not be remanded back to District Court for re-sentencing and that is the risk of going forward with the scheduled sentencing without following the time limits imposed by Rule 32.

While Defendant's continuance will be granted for the reasons set forth below, the Court admonishes Defendant that further continuances will not be granted if they are premised on her request for an in-person interview. The PSR will be completed, with or without Defendant's cooperation. The Court will consider Defendant's ability to participate waived if she refuses to cooperate unless the interview is conducted in-person. Also, Defense Counsel should note that the moratorium on jury trials in this District has been lifted. As such, Defendant's reliance on the no-longer-effective moratorium is misplaced. And, even if the moratorium *was* still in place, the Court agrees with the Government that the unique concerns and challenges surrounding jury trials during a pandemic are inapplicable to other hearings, including sentencing matters.

That said, Defendant has also asserted her right to effective assistance of counsel. Here, the Court agrees with Defendant. She does have a right to effective assistance of counsel, and the Court is persuaded that counsel's ability to be effective at sentencing is adversely impacted by the

COVID-19 pandemic. Specifically, Defense Counsel notes the need to interview members of Defendant's family, who reside on the Navajo Nation, in preparation of sentencing. There is no question that the Navajo Nation has been devastatingly and disproportionately impacted by the pandemic. The Court recognizes, therefore, that Defense Counsel faces an uphill battle in preparing for sentencing.

What is more, if sentencing were held this month, the strict social distancing protocols and limits on the number of individuals allowed in the courtroom could prevent members of the family from attending the sentencing hearing in person. The Court is of the view that this is another reason to continue sentencing in this matter although the Court puts the parties on notice that given the current COVID-19 restrictions on the number of individuals allowed in a courtroom for a sentencing hearing, at such time as the Court schedules Defendant's sentencing hearing, members of her family as well as members of the Victim's family may have to attend the hearing through the use of videoconferencing technology as opposed to being present in the courtroom.

In sum, the Court concludes that there is good cause to **DELAY sentencing for 90 days**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE